United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARTIUS LYRONE MONTGOMERY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-374 |
| | § | |
| BOBBY  LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Cartius Lyrone Montgomery, a state prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  In his first two claims for relief, Petitioner challenges his convictions and sentences in the 216th District Court of Kerr County, Texas.  (*Id.* at 6.)  In his third claim for relief, Petitioners appears to assert a civil-rights claim against an officer at the Lopez Unit for stealing his property. (*Id.* at 7.)  For the reasons explained below, the undersigned recommends that the claims concerning his convictions and sentences in the 216th District Court of Kerr County be severed and transferred to the federal court located where Petitioner's state court convictions occurred and that Petitioner's civil-rights claim be dismissed with prejudice.

## I.      BACKGROUND

On May 14, 2018, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Docket No. 1, at 10.)  Because Petitioner sought to proceed in forma pauperis (IFP), the petition was docketed as a miscellaneous matter. (*See Montgomery v.*

---

[1] This is the date that Petitioner signed his federal habeas petition.  "[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing."  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

*Davis*, Case No. 7:18-mc-988, Docket No. 1 (S.D. Tex., McAllen Div.).)   In filing his IFP application, Petitioner failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of the habeas action.  (*See id.*)  The court ordered Petitioner to either (1) pay the $5 filing fee, or (2) file an addendum to his application to proceed in forma pauperis that included a certified statement of his inmate trust fund account for the six-month period preceding the filing of the habeas action and a statement of any further facts showing that he qualified to proceed in forma pauperis.  (*Id.* at Docket No. 2.)

Petitioner later filed a second application to proceed in forma pauperis, as well as a certified statement of his inmate trust fund account for the preceding six-month period.  (*Id.* at Docket Nos. 3, 4.)  The court entered an order observing that the certified statement from Petitioner's inmate trust account made clear that Petitioner had access to sufficient funds to pay the $5 filing fee and that, although Petitioner asserted that he had no money or property at that time, the certified statement reflected that in the preceding six months he received $55 from friends and family.  (*Id.* at Docket No. 5.)  The court again ordered Petitioner to either (1) pay the $5 filing fee, or (2) file an addendum to his application to proceed in forma pauperis that included a certified statement of his inmate trust fund account for the six-month period preceding the filing of the habeas action and a statement of any further facts showing that he qualified to proceed in forma pauperis.  (*Id.*)  Petitioner then filed a third application to proceed in forma pauperis, as well as a certified statement of his inmate trust fund account for the preceding six-month period.  (*Id.* at Docket Nos. 6, 7.)  Once again, it was clear from the statement that he had access to sufficient funds to pay the $5 filing fee.  (*See id.* at Docket No. 7.)

The undersigned entered a report and recommendation, recommending that, because Petitioner's inmate account statement showed that he was able to pay the $5 filing fee, his

application to proceed IFP be denied without prejudice and that he be given an additional 30 days in which to pay the $5 filing fee. (*Id.* at Docket No. 8.) The Honorable United States District Court Judge Micaela Alvarez adopted the report and recommendation, denied the Petitioner's application to proceed IFP, and ordered that the Petitioner pay the $5 filing fee within 30 days, or else the action would be dismissed. (*Id.* at Docket No. 10.) Petitioner subsequently paid the filing fee, the miscellaneous action was terminated, and this civil action was opened on November 19, 2020. (*See* Docket No. 1.)

## II.     <u>ANALYSIS</u>

**A.     Claims Concerning Petitioner's Convictions and Sentences (Claims One and Two)**

In his first two claims for relief, Petition challenges his convictions and sentences in the 216th District Court of Kerr County, Texas. (Docket No. 1, at 6.) In a federal habeas action, jurisdiction is proper either "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). In other words, "state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted." *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970). Those courts have "concurrent jurisdiction." 28 U.S.C. § 2241(d).

Where a court has such concurrent jurisdiction, section 2241(d) further provides that the court in which the petition was filed "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*. The key consideration "is to provide a more convenient forum for witnesses"; accordingly, "[s]ection 2241(d) militates in favor of filing the applicant's petition in … the division where the witnesses

are located, rather than in … the division in which the applicant is confined." *Mitchell*, 432 F.2d at 436.

Apart from the authority to transfer habeas cases under section 2241(d), a federal court has broad authority to transfer venue in any civil case under 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Such a transfer may be made sua sponte. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

At the time Petitioner filed this action, he was incarcerated at the Lopez Unit in Hidalgo County, Texas, which is located within the McAllen Division of the United States District Court for the Southern District of Texas. However, Petitioner was convicted and sentenced in Kerr County, which is located within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division. *See* 28 U.S.C. § 124(d)(4).

Given that Petitioner is challenging his state court convictions and sentences in this action, the Court finds that the interest of justice would best be served by transferring this action to the San Antonio Division of the Western District of Texas. Such a transfer will facilitate access to the convicting state court and will be more convenient for potential witnesses.

**B.     Civil-Rights Claim (Claim Three)**

In his third ground for relief, Petitioner brings a constitutional challenge under the Fifth Amendment's Taking Clause and alleges that "Officer Jeff Purus is responsible for theft of personal money and property." (Docket No. 1, at  7.)  To the extent that Petitioner is bringing a claim against an officer at the Lopez Unit for stealing his property, the undersigned recommends

that such claim be dismissed as barred by the *Parratt/Hudson* doctrine.[2]  *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  According to this doctrine, a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy.  *See Hudson*, 468 U.S. at 533–34; *see also Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821–22 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner.  *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Aguilar v. Chastain*, 923 S.W.2d 740, 743–44 (Tex. Crim. App. 1996); *see also* Tex. Gov't Code §§ 501.007, 501.008.  Petitioner's complaint regarding the unauthorized loss or deprivation of his property has no basis in federal law because Texas provides an adequate post-deprivation remedy.  *See Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

Accordingly, Petitioner does not state an actionable claim for which relief can be granted under 42 U.S.C. § 1983 regarding the unauthorized deprivation of his personal property.  *See id*. Therefore, to the extent that Petitioner is asserting a claim that an officer at the Lopez Unit stole his property, Petitioner fails to state a federal claim under § 1983, and this claim should be dismissed.

---

[2] As noted above, at the time Petitioner filed this action, he was incarcerated at the Lopez Unit, which is located in Hidalgo County.  (Docket No. 1, at 1.)  It appears that Petitioner is now housed at the Eastham Unit, which is located in Houston County, Texas.  *See Offender Info. Search*, Texas Dep't of Crim. Just., https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=50618643 (last visited Nov. 24, 2020).

### III.       <u>CONCLUSION</u>

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's first and second claims for relief concerning his convictions by the 216th District Court of Kerr County, Texas, be SEVERED and TRANSFERRED to the United States District Court for the Western District of Texas, San Antonio Division.  The undersigned further recommends that Petitioner's third claim concerning property allegedly stolen by an officer at the Lopez Unit be DISMISSED with prejudice.

### <u>NOTICE TO THE PARTIES</u>

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 4, 2021.

Peter E. Ormsby
United States Magistrate Judge